Filed 6/16/23  P. v. Ogletree CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FLETCHER LOUIS OGLETREE,<br><br>Defendant and Appellant. | B322650<br><br>(Los Angeles County Super. Ct. No. YA093658-01) |

APPEAL from a postjudgment order of the Superior Court of the County of Los Angeles, Alan B. Honeycutt, Judge. Reversed and remanded with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

# I. BACKGROUND

On January 19, 2017, defendant Fletcher Ogletree pleaded guilty to: four counts of attempted second-degree robbery (Pen. Code,[1] §§ 664 and 212.5, subd. (c)); one count of second-degree robbery (§ 212.5, subd. (c)); and one count of felony evasion of a peace officer (Veh. Code, § 2800.2). He also admitted to suffering a prior strike conviction within the meaning of section 667, subdivisions (b) through (i) and section 1170.12 and two prior serious felony convictions within the meaning of section 667, subdivision (a)(1). The trial court sentenced defendant to an aggregate term of 26 years and eight months, which included two consecutive five-year sentence enhancements under section 667, subdivision (a)(1).

In a letter dated May 9, 2022, the Secretary of the California Department of Corrections and Rehabilitation (Secretary) recommended that the trial court recall defendant's sentence pursuant to former section 1170.03, subdivision (a)(1).[2] The Secretary explained: "In light of the court's newfound authority to not impose a consecutive enhancement pursuant to . . . [s]ection 667, [s]ubdivision (a)(1) (authority which did not exist at the time of [defendant's] sentencing), and after personally reviewing [defendant's prison] commitment offense and in-prison

---

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

[2]    Effective June 30, 2022, former section 1170.03 was renumbered as section 1172.1 without change. To avoid confusion, all further references to section 1172.1 shall include former section 1170.03.

conduct, I recommend that [defendant's] sentence be recalled and that he be resentenced in accordance with . . .[section 1172.1, s]ubdivision (a)(1)."

On June 15, 2022, without appointing counsel or holding a hearing, the trial court issued a minute order declining to resentence defendant. The court explained its ruling as follows: "In response to the [Secretary's] letter dated May 9, 2022, . . . in support of resentencing defendant . . . pursuant to [section 1172.1] . . . [t]he court has read and considered the letter, supporting documentation, and reviewed the court file. [¶] The court stands in its discretion to resentence and declines to do so. [¶] Defendant . . . was facing a pretrial sentence of 125 years to life. He negotiated a settlement to . . . his benefit. The sentence of 26 years and [eight] months for his crime spree of threatening to kill people as he robbed them is just."

On July 22, 2022, defendant filed a notice of appeal from the trial court's ruling.

## II.    DISCUSSION

Defendant contends that the trial court erred in denying the Secretary's resentencing recommendation under section 1172.1 by failing to appoint counsel, failing to set a status conference, and failing to hold a hearing before ruling on the recommendation. He also contends that the court misunderstood the scope of its discretion in response to such a recommendation and therefore abused its discretion in denying it. The Attorney General concedes that the court erred and that reversal and remand are warranted.

3

We agree with the parties that the trial court erred by denying the Secretary's resentencing recommendation under section 1172.1 without first following the procedures required by that section, including appointing counsel and holding a hearing to consider the recommendation. (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.) We therefore reverse the order denying the resentencing recommendation and remand the matter to the court for further proceedings pursuant to section 1172.1.

## III. DISPOSITION

The order denying the Secretary's resentencing recommendation is reversed and remanded with directions to hold further proceedings in compliance with section 1172.1.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

4